I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 5/13/08

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY 13 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DAVID LAM VUONG,

    Petitioner,

vs.

DEBRA DEXTER, Warden (A),

    Respondent.

Case No. CV 08-3022-DOC (RNB)

ORDER TO SHOW CAUSE

On April 22, 2008, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.[1] The Petition purports to be directed to a conviction sustained by petitioner in Los Angeles County Superior Court in 2003.

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of

---

[1] April 22, 2008 is the proof of service date. The Ninth Circuit has held that the prison mailbox rule applies to a habeas petitioner's state and federal filings. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The filing of the Petition renders moot petitioner's concurrently filed "Request for Leave to File Trailing 'IFP' Application."

1

California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[2] 28 U.S.C. § 2244(d) provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, petitioner has attached to the Petition a copy of the California Supreme Court's January 26, 2005 order denying his Petition for Review. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of

---

[2] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

the time for seeking such review" was April 25, 2005, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Moreover, given the nature of petitioner's error claims herein, it does not appear that any of the other "trigger" dates under 28 U.S.C. § 2244(d)(1) apply here. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was April 25, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." See id. at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction

3

became final and the filing of the petitioner's first collateral challenge. See Nino, supra.

Here, it appears from the face of the Petition and the attachments thereto that petitioner's first collateral challenge was the Los Angeles County Superior Court habeas petition that he constructively filed on April 21, 2006,[3] four days prior to the lapse of the limitation period. The Superior Court denied that petition on June 21, 2006. Thus, the effect of the pendency of that petition was to extend petitioner's federal filing deadline to June 25, 2006.

---

[3] Although it appears from the Petition and the attachments thereto that petitioner filed (a) a "Motion for Phonogram Tapes from Stenographic Typing Machine" on or about November 15, 2005 that the Superior Court denied on November 17, 2005," (b) a "Petition for Administrative Writ of Mandate" on or about December 12, 2005 seeking review of the denial of his previous motion that the Superior Court denied on June 21, 2006 when it denied petitioner's habeas petition, and (c) a renewed "Motion for Phonogram Tapes from Stenographic Typing Machine" on or about March 2, 2006 that the Superior Court also denied on June 21, 2006 when it denied petitioner's habeas petition, none of these other Superior Court filings qualify as an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claims" within the meaning of § 2244(d)(2) for which petitioner would also be entitled to statutory tolling. See, e.g., Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002), cert. denied, 537 U.S. 1236 (2003) (state court mandamus application requesting that trial court be directed to rule on state habeas application was not an application for collateral review with respect to prisoner's conviction and thus did not toll one-year limitation period); Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001) (petitioner not entitled to statutory tolling for a state court motion that did not challenge his conviction but rather sought the production of material that he claimed might be of help in developing a challenge to his conviction); Johnson v. Lewis, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004) (petitioner not entitled to statutory tolling for a petition for writ of mandate because it sought the return of property seized during his arrest and was not directed at his underlying conviction and sentence); Sorce v. Artuz, 73 F. Supp. 2d 292, 297-98 (E.D.N.Y.1999) (petitioner not entitled to statutory tolling during pendency of request for documents).

4

1     Petitioner would not be entitled to continuous statutory tolling during the
2 interval between the June 21, 2006 denial of his Superior Court habeas petition and
3 the March 1, 2007 (or December 30, 2006) constructive filing of his Court of Appeal
4 habeas petition, or statutory tolling during the pendency of that Court of Appeal
5 habeas petition, because the California Court of Appeal expressly denied that petition
6 inter alia for untimeliness and the petition consequently did not qualify as having
7 been "properly filed" within the meaning of § 2244(d)(2). See Pace v. DiGuglielmo,
8 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (holding that "time
9 limits, no matter their form, are 'filing' conditions. Because the state court rejected
10 petitioner's [state] petition as untimely, it was not 'properly filed,' and he is not
11 entitled to statutory tolling under § 2244(d)(2)."); see also Carey, 536 U.S. at 225-26
12 (noting that if the state court expressly holds delay was unreasonable, petition is no
13 longer "pending").

14     Thus, by the time petitioner constructively filed his California Supreme Court
15 habeas petition on October 5, 2007, petitioner's federal filing deadline of June 25,
16 2006 already had long lapsed and could not be reinitiated. See, e.g., Ferguson v.
17 Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the
18 reinitiation of the limitations period that has ended before the state petition was
19 filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924 (2003);
20 Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d
21 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

22     The Ninth Circuit has held that the district court has the authority to raise the
23 statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the
24 Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule
25 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so
26 long as the Court "provides the petitioner with adequate notice and an opportunity to
27 respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
28 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before June 16, 2008, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

If petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. See Pace, 544 U.S. at 418; see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 127 S. Ct. 1880 (2007); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

If petitioner intends to rely on the "actual innocence" or "fundamental miscarriage of justice" exception to the procedural default doctrine (assuming that such exception even applies to the habeas corpus statute of limitations set forth in 28 U.S.C. § 2244(d)),[4] he will need to show that a constitutional violation probably has caused the conviction of one who is actually innocent of the crime. See Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Under Schlup, petitioner must establish his **factual** innocence of the crime, and not mere legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003). The Supreme Court further held in Schlup that, "[t]o be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." See Schlup, 513 U.S. at 324. Further, "the petitioner must show that it is more likely

---

[4] Neither the Supreme Court nor the Ninth Circuit has decided whether the habeas corpus statute of limitations set forth in 28 U.S.C. § 2244(d) is subject to an "actual innocence" or "fundamental miscarriage of justice" exception. See Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002).

than not that no reasonable juror would have convicted him in light of the new evidence." See id. at 327. Thus, petitioner will need to specify in his response to the Order to Show Cause the "new reliable" evidence that he contends establishes his factual innocence of the crime. Merely asserting his innocence and rearguing the evidence already presented will not suffice.

DATED: May 12, 2008

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE